**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Jeffrey M. Goldman (SBN 233840)
jeffrey.goldman@troutman.com
Matthew H. Ladner (SBN 284594)
matthew.ladner@troutman.com
Andrick J. Zeen (SBN 335646)
andrick.zeen@troutman.com
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:  213.928.9800
Facsimile:  213.928.9850

*Attorneys for Defendant*
UPONOR. INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UPONOR, INC., and Does 1 to 30,<br><br>Defendant. | Case No.  8:24-cv-02004-JWH-ADS<br><br>**DEFENDANT UPONOR, INC.'S NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:   November 8, 2024<br>Hearing Time:   9:00 a.m.<br>Hearing Place:  Courtroom 9D<br>Judge:               Hon. John W. Holcomb<br><br>Complaint Filed:  April 3, 2024<br>Trial Date:            None Set |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 8, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701, Defendant UPONOR, INC ("**Uponor**") will and hereby does move the Court for an ORDER requiring Plaintiff CALIFORNIA AUTOMOBILE INSURANCE COMPANY's ("**Plaintiff**") to file an amended pleading that contains a more definite

- 1 -
DEFENDANT UPONOR, INC'S MOTION FOR MORE DEFINITE STATEMENT

statement of its claims against Uponor, pursuant to Federal Rule of Civil Procedure 12(e).

The Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the pleadings and other documents filed in this action, and any argument that the Court may entertain at the hearing on this Motion.

### L.R. 7-3 Conference of Counsel Certification

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 1, 2024. The parties were unable to resolve the issues raised, thus necessitating this motion.

Dated: October 8, 2024

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ *Jeffrey M. Goldman*
Jeffrey M. Goldman
*Attorneys for Defendant Uponor, Inc.*

- 2 -
DEFENDANT UPONOR, INC'S MOTION FOR MORE DEFINITE STATEMENT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.   INTRODUCTION**

Plaintiff filed its two-sentence form Complaint in Orange County Superior Court seeking compensatory damages from Uponor based on two causes of action: (1) Strict Liability and (2) Breach of Implied Warranty.  The allegations in Plaintiff's truncated form Complaint are contained in just two short sentences which provide effectively no information regarding the relevant dates and events giving rise to Plaintiff's causes of action.  Rather, the Complaint is a summary recitation of limited information underlying Plaintiff's causes of action and devoid of any factual detail, let alone enough factual detail, sufficient to support its claims and allow Uponor to prepare a response.  This cursory pleading fails to meet the applicable pleading standard.  Accordingly, Uponor's Motion should be granted.

## **II.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(e), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

A complaint which contains only "a formulaic recitation of the elements of a cause of action" does not meet the pleading standard, as a plaintiff must "also support her allegations with facts that allow the court to draw a plausible and reasonable inference of liability." *Hamparsomian v. Everett Fin., Inc.*, No. 24-CV-04079-DMR, 2024 WL 4175133, at \*2 (N.D. Cal. Sept. 11, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Further, plaintiff must not make "only conclusory statements" about plaintiff's damages, but instead must "explain" the damages in detail.  *Id.* (dismissing plaintiff's form complaint for making "only conclusory statements" that defendant breached the agreement by paying plaintiff inadequate compensation, without explaining *how* her compensation was inadequate) (emphasis added); *Rangel v. Synchrony Bank*, No. 17-CV-00177-LHK, 2017 U.S. Dist. LEXIS 62100, \*3-4 (N.D. Cal. Apr. 24, 2017) (granting defendant's motion for more definite statement

- 3 -
DEFENDANT UPONOR, INC'S MOTION FOR MORE DEFINITE STATEMENT

after finding that plaintiff's form complaint, which included a "vague 'single sentence' allegation, was 'not remotely enough to be considered an adequately stated claim in federal court.'") (quoting *Zhejiang Wafa Ecosys. Sci. & Tech. Co., Ltd. v. Trellis Earth Prods., Inc.*, 2015 U.S. Dist. LEXIS 171013, at *1 (D. Ore. Dec. 21, 2015))); *see also Fennell v. Souter*, No. C11-03585 HRL, 2012 U.S. Dist. LEXIS 89275, at *4 (N.D. Cal. June 27, 2012) (granting defendant's motion for more definite statement after finding that plaintiff's form complaint "[gave] no details" to support his allegations and that plaintiff "[had] not offered adequate factual allegations to support the claim."); Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plaint statement of the claim showing that the pleader is entitled to relief.").

## III.    <u>ARGUMENT</u>

Plaintiff's factually-devoid form Complaint does not meet the pleading standard required in federal court. *See* Fed. R. Civ. P. 8(a). Here, Plaintiff has submitted a form complaint, seeking compensatory damages from Uponor based upon two causes of action: (1) Strict Liability and (2) Breach of Implied Warranty. (*See* Dkt. No. 1-1 at ECF 1).

Yet, the Complaint is simply a superficial summary of basic information related to Plaintiff's causes of action and does not provide any, let alone enough, factual detail to support its claims nor allow Uponor to prepare a response thereto. (Id. at ECF 4); *see Iqbal* at 678; *see* Fed. R. Civ. P. 12(e). The entirety of Plaintiff's allegations are contained in just two short sentences:

> On or about (date): 1/26/2023, the insured of plaintiff was injured by the following product: Uponor AguaPEX [SIC] cross-linked polyethylene household water tubing which fractured and leaked water into the home of Fred Ornelas, 28411 Via Alfonse, Laguna Niguel, CA, causing damages amounting to $81,214. Plaintiff indemnified Fred Ornelas for the damages pursuant to a policy of insurance.

- 4 -
DEFENDANT UPONOR, INC'S MOTION FOR MORE DEFINITE STATEMENT

(Id.)

As a threshold matter, the Complaint provides no detail with respect to the home/property at issue, such as an alleged date of product installation/substantial completion of the home, which is fundamental to whether a timely/viable breach of implied warranty claim can be maintained. Even if Uponor AquaPEX pipe was installed in the property which thereafter "fractured and leaked," that is insufficient to plausibly allege a claim against Uponor. Like any other water line, Uponor AquaPEX lines may experience a performance issue without a manufacturing, design, or other defect with those lines if there are issues in connection with the products' installation, system design, or system operation/maintenance, none of which are the responsibility of Uponor. Again—no information is provided in the Complaint related to installation of the product, the operating conditions or maintenance of the system.

Put simply, Plaintiff has failed to allege any facts about *how or where* the PEX tubing at issue purportedly "fractured", when the PEX tubing at issue was purportedly installed, what the alleged damages to the residence or supposed loss of use were and, crucially, why the PEX tubing allegedly leaked. Without this information, Uponor cannot reasonably respond to, nor can Uponor defend itself against, allegations that should be, but are not, contained in the Complaint. Plaintiff's Complaint contains nothing more than a cursory and superficial summary of minimal information rather than facts sufficient to allow Uponor, or the Court, to draw a "plausible and reasonable inference of liability." *See Hamparsomian* at *2.

Therefore, the Court should grant Uponor's motion for more definite statement. *See* Fed. R. Civ. P. 12(e).

## IV.    CONCLUSION

For the reasons set forth above, the Court should grant Uponor's Motion and (a) dismiss Plaintiff's Complaint and (b) order Plaintiff to file an amended complaint

DEFENDANT UPONOR, INC'S MOTION FOR MORE DEFINITE STATEMENT

containing appropriate facts underlying its claim(s) in accordance with applicable pleading requirements pursuant to the Federal Rules of Civil Procedure.

Dated: October 8, 2024       **TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ *Jeffrey M. Goldman*
     Jeffrey M. Goldman
     *Attorneys for Defendant Uponor, Inc.*

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Uponor, certifies that this brief contains 939 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 8, 2024       **TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ *Jeffrey M. Goldman*
     Jeffrey M. Goldman
     *Attorneys for Defendant Uponor, Inc.*

DEFENDANT UPONOR, INC'S MOTION FOR MORE DEFINITE STATEMENT
302896680