**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Jeffrey M. Goldman (SBN 233840)
jeffrey.goldman@troutman.com
Matthew H. Ladner (SBN 284594)
matthew.ladner@troutman.com
Andrick J. Zeen (SBN 335646)
andrick.zeen@troutman.com
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850

*Attorneys for Defendant*
UPONOR. INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UPONOR, INC., and Does 1 to 30,<br><br>Defendant. | Case No.  8:24-cv-02004-JWH-ADS<br><br>**DEFENDANT UPONOR, INC.'S REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**<br><br>Hearing Date:    November 8, 2024<br>Hearing Time:    9:00 a.m.<br>Hearing Place:   Courtroom 9D<br>Judge:           Hon. John W. Holcomb<br><br>Complaint Filed:  April 3, 2024<br>Trial Date:        None Set |

DEFENDANT UPONOR, INC'S REPLY IN SUPPORT OF MOTION
FOR MORE DEFINITE STATEMENT

## I.   PLAINTIFF CANNOT RELY ON A BARE RECITATION OF ELEMENTS TO PLAUSIBLY STATE A CLAIM

Plaintiff's opposition fails to remedy its factually devoid form Complaint that does not meet the pleading standard required in federal court. *See* Fed. R. Civ. P. 8(a); *see* Dkt. No. 1-1. Plaintiff, yet again, offers nothing but a bare restatement of the elements of a products liability claim. (Opp. at 2). However, such a cryptic presentation of the elements of a cause of action does not meet the well-recognized pleading standards, especially in light of the stated purposes of *Twombly* and *Iqbal* which is to shield defendants and courts from unnecessary discovery proceedings where a plaintiff cannot allege a plausible claim. *See Bell A. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[B]asic deficiency" in complaint "should be exposed at the point of minimum expenditure of time and money by the parties and the court.").

Plaintiff concedes the only "facts" it alleges are the elements of a products liability claim itself: "The allegations on page 4 of plaintiff's official form complaint sets forth those elements *and more*." (Opp. at 2) (emphasis added). In reality, Plaintiff's reference to "*and more*" is simply a four-line, superficial summary of basic information related to Plaintiff's causes of action that does not provide any, let alone enough, factual detail to support its claims nor allow Uponor to prepare a response thereto. Dkt. No. 1-1 at ECF 4; *see Fennell v. Souter*, No. C11-03585 HRL, 2012 WL 2466516, at *4 (N.D. Cal. June 27, 2012) (granting defendant's motion for more definite statement after finding that plaintiff's form complaint "[gave] no details" to support his allegations and that plaintiff "[had] not offered adequate factual allegations to support the claim."). Federal pleading standards exist for a reason, and Plaintiff should not be permitted to simply ignore them.

Plaintiff also contends its recitation of the elements of a products liability claim is all that is needed to comply with California law. Consequently, Plaintiff provides no evidence to bolster its narration of the elements. Federal courts agree that a complaint which contains only "a formulaic recitation of the elements of a cause of

DEFENDANT UPONOR, INC'S REPLY IN SUPPORT OF MOTION
FOR MORE DEFINITE STATEMENT

action" does not meet the pleading standard, as a plaintiff must "also support her allegations with facts that allow the court to draw a plausible and reasonable inference of liability." *Hamparsomian v. Everett Fin., Inc.*, No. 24-CV-04079-DMR, 2024 WL 4175133, at *2 (N.D. Cal. Sept. 11, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Without this information, Uponor cannot reasonably respond to, nor can Uponor defend itself against, allegations that should be, but are not, contained in the Complaint.  That is particularly the case where, as here, the Complaint will guide the scope of discovery.  *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1005 (S.D. Cal. 2021) (citing, *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, 2018 WL 644892, at *1 (C.D. Cal. Aug. 21, 2018); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."); and *United States ex rel. Jacobs v. CDS, P.A.*, 2016 WL 4146077, at *2 (D. Idaho Aug. 3, 2016) ("The allegations of the complaint logically shape the scope of discovery.").

Therefore, the Court should grant Uponor's motion for more definite statement. *See* Fed. R. Civ. P. 12(e).

## II.  PLAINTIFF'S ATTEMPT TO SUPPLEMENT ITS COMPLAINT BY REFERENCING UNAUTHENTICATED DOCUMENTS IS IMPERMISSIBLE

Likely realizing its Complaint fails to meet the pleading standard, Plaintiff engages in an improper attempt to amend its factually deficient pleading by referencing unauthenticated and unsubstantiated documents, namely by stating: "Before suit was filed, Uponor was given 101 pages of itemized claim supports, including detailed damage repair estimates and receipts."  (Opp. at 3).

The Ninth Circuit has emphasized that "an opposition brief is not the place to bring up new facts.  *Location Based Services, LLC v. Niantic, Inc.*, 295 F. Supp. 3d 1031, 1053 (N.D. Cal. 2017) (citing *Schneider v. California Dep't of Corr.*, 151 F.3d

1194, 1197 n.1 (9th Cir. 1998)). As follows, Plaintiff's opposition to Uponor's motion is not an open invitation to amend Plaintiff's pleadings. In other words, Plaintiff cannot circumvent the applicable pleading standard by simply making a summary reference to over 100 pages of documentation in its Opposition. (Opp. at 3). Further, Plaintiff does not even attach the alluded-to documentation nor provide an explanation as to the authenticity of the documentation which allegedly includes "detailed damage repair estimates and receipts."[1] (*Id.*). Even if Plaintiff were allowed to rely on these unauthenticated hearsay documents, Plaintiff still has not sufficiently alleged why Uponor is responsible for Plaintiff's claim, as the referenced material does not supply Uponor with sufficient information to address its alleged liability. Accordingly, Uponor cannot reasonably be required to frame an answer or other responsive pleading. Therefore, the Court should grant Uponor's Motion. *See* Fed. R. Civ. P. 12(e).

## III.   CONCLUSION

For the reasons set forth above, the Court should grant Uponor's Motion and (a) dismiss Plaintiff's Complaint and (b) order Plaintiff to file an amended complaint containing appropriate facts underlying its claim(s) in accordance with applicable pleading requirements.

---

[1] Plaintiff attaches an email thread between Uponor and an insurance recovery analyst explaining the results of Uponor's analysis of the allegedly defective AquaPEX pipe. *Tobin Declaration*, Ex. A at 1. Even though such email should not be considered, Uponor's findings are inconsistent with the documents referenced by Plaintiff. This calls into question whether Plaintiff is alleging something different than what is contained in the documents—and if so, with such little given information, Uponor cannot possibly defend itself against Plaintiff's factually-inadequate form Complaint. *See* Dkt. No. 1-1.

DEFENDANT UPONOR, INC'S REPLY IN SUPPORT OF MOTION
FOR MORE DEFINITE STATEMENT

Dated:  October 25, 2024

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ *Jeffrey M. Goldman*
Jeffrey M. Goldman
*Attorneys for Defendant Uponor, Inc.*

## L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Uponor, certifies that this brief contains 957 words, which complies with the word limit of L.R. 11-6.1.

Dated:  October 25, 2024

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ *Jeffrey M. Goldman*
Jeffrey M. Goldman
*Attorneys for Defendant Uponor, Inc.*

- 4 -

303366545

DEFENDANT UPONOR, INC'S REPLY IN SUPPORT OF MOTION
FOR MORE DEFINITE STATEMENT