**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Jeffrey M. Goldman (SBN 233840)
jeffrey.goldman@troutman.com
Matthew H. Ladner (SBN 284594)
matthew.ladner@troutman.com
Andrick J. Zeen (SBN 335646)
andrick.zeen@troutman.com
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850

*Attorneys for Defendant*
UPONOR, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| CALIFORNIA AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UPONOR, INC., and Does 1 to 30,<br><br>Defendant. | Case No. 8:24-cv-02004-JWH-ADS<br><br>**DEFENDANT UPONOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CALIFORNIA AUTOMOBILE INSURANCE COMPANY'S COMPLAINT**<br><br>Complaint Filed: April 3, 2024<br>Trial Date: None Set |
|---|---|

Defendant Uponor, Inc. ("**Defendant**"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby answers and asserts the below-listed affirmative defenses to Plaintiff California Automobile Insurance Company's ("**Plaintiff**") Complaint.

Defendant generally denies each and every allegation and characterization in the Complaint except those which are specifically admitted below in the following paragraphs.  Defendant has included the headings reflected in the Complaint to assist the Court in reviewing this Answer.  To the extent the headings include any factual allegation or characterization of any kind, Defendant expressly denies such allegations or characterizations.

Defendant hereby answers and states as follows:

1.    Paragraph 1 does not contain allegations directed towards Defendant, and therefore, no response is necessary.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint and therefore denies the allegations.

2.    Paragraph 2 does not contain allegations directed towards Defendant, and therefore, no response is necessary.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint and therefore denies the allegations.

3.    Paragraph 3 does not contain allegations directed towards Defendant, and therefore, no response is necessary.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiff's Complaint and therefore denies the allegations.

4.    [left blank by Plaintiff]

DEFENDANT UPONOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CALIFORNIA AUTOMOBILE INSURANCE COMPANY'S COMPLAINT

5.     Defendant admits it is a corporation named Uponor, Inc., but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 5 of Plaintiff's Complaint as they relate to unidentified Doe defendants and therefore denies the remaining allegations.

6.     Paragraph 6 does not contain allegations directed towards Defendant, and therefore, no response is necessary.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint and therefore denies the allegations.

7.     [left blank by Plaintiff]

8.     Paragraph 8 does not contain allegations directed towards Defendant, and therefore, no response is necessary.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint and therefore denies the allegations.

9.     [left blank by Plaintiff]

10.     Paragraph 10 does not contain allegations directed towards Defendant, and therefore, no response is necessary.  To the extent that a response is required, Defendant denies the allegations.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiff's Complaint and therefore denies the allegations.

12.     [left blank by Plaintiff]

13.     Paragraph 13 does not contain allegations directed towards Defendant, and therefore, no response is necessary.  To the extent that a response is required, Defendant admits that Plaintiff has alleged damages in excess of $75,000 and that there is complete diversity of citizenship between the parties and, therefore, this Court has jurisdiction over this matter.

DEFENDANT UPONOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CALIFORNIA AUTOMOBILE INSURANCE COMPANY'S COMPLAINT

14.    Defendant admits that Plaintiff has checked the boxes for "compensatory damages" and "in the amount of: $81,214.12", but denies liability therefore and thus denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.    [left blank by Plaintiff]

## CAUSE OF ACTION

(Products Liability – Against Uponor, Inc. and DOES 1-30)

16.    Defendant admits that it manufactures AquaPEX pipe which is used in potable hot and cold water systems.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in "Prod. L-1" of Plaintiff's Complaint and, therefore denies the remaining allegations.

17.    Defendant denies the allegations contained in "Prod. L-2" of Plaintiff's Complaint.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in "Prod. L-3" of Plaintiff's Complaint and, therefore denies the remaining allegations.

19.    Defendant admits it manufactured AquaPEX pipe which is used in potable hot and cold water systems and that certain of Defendant's AquaPEX was in Plaintiff's property.  Otherwise, Defendant denies the allegations contained in "Prod. L-4" of Plaintiff's Complaint.

20.    ["Prod. L-5" left blank by Plaintiff]

21.    Defendant denies the allegations contained in "Prod. L-6" of Plaintiff's Complaint.

22.    ["Prod. L-7" left blank by Plaintiff]

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), subject to the foregoing denials, without conceding liability, and without conceding that it bears the burden of proof on any particular issue when the burden properly resides with Plaintiff, Defendant asserts the following affirmative defenses:

DEFENDANT UPONOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CALIFORNIA AUTOMOBILE INSURANCE COMPANY'S COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Damages)

The Complaint, and the purported cause of action alleged therein, is barred because Plaintiff has not suffered any legally cognizable damages directly or proximately caused by, or attributable to, any alleged act, omission, conduct, inaction, or fault of Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

The Complaint, and the purported cause of action alleged therein, is barred because of Plaintiff and/or its insured/subrogor's failure to take reasonable steps to mitigate its alleged damages, if any were suffered.

## FOURTH AFFIRMATIVE DEFENSE

### (No Causation)

The Complaint, and the purported cause of action alleged therein, is barred because the alleged damages claimed by Plaintiff, if any, were not directly or proximately caused by the acts, omissions, conduct, inaction, or fault of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

The Complaint, and the purported cause of action alleged therein, is barred because the alleged damages claimed by Plaintiff and/or its insured/subrogor, if any, were directly or proximately caused by Plaintiff and/or its insured/subrogor's own acts, omissions, conduct, inaction, negligence, and/or misconduct, thereby relieving Defendant of any and all liability alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Fault of Others)

The Complaint, and the purported cause of action alleged therein, is barred because Plaintiff's alleged damages, if any, were directly or proximately caused by the acts, omissions, conduct, inaction, negligence, and/or misconduct of persons or entities other than Defendant, thereby relieving Defendant of any and all liability alleged in the Complaint.  To the extent Plaintiff suffered harm or expenses related to Defendant's AquaPEX pipes, it should recover from other parties.

## SEVENTH AFFIRMATIVE DEFENSE

(Superseding Cause)

The Complaint, and the purported cause of action alleged therein, is barred because any damages to Plaintiff were the sole and proximate cause of superseding negligence and/or recklessness of third parties and such superseding acts of negligence and/or recklessness by these third parties.  To the extent Plaintiff suffered harm or expenses related to Defendant's AquaPEX pipes, it should recover from other entities.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

The Complaint, and the purported causes of action alleged therein against Defendant, are barred by the doctrine of waiver as a result of the acts and/or omissions of Plaintiff and/or its assignees.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Notify)

- 5 -
DEFENDANT UPONOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CALIFORNIA AUTOMOBILE INSURANCE COMPANY'S COMPLAINT

Defendant is informed and believes, and based thereon alleges that if any defects or inadequacies in the material/products allegedly provided by it exist, which Defendant denies, Plaintiff and/or others failed to timely notify Defendant of such conditions and failed to give Defendant a timely opportunity to remedy such claimed conditions.  This conduct by Plaintiff or its insured/subrogor bars Plaintiff from any relief from Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Duty)

To the extent the causes of action alleged in the Complaint against Defendant are based on any alleged duty owed to Plaintiff and/or its insured/subrogor by Defendant, no such duty existed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Plaintiff and/or its insurer or subrogor acted with full knowledge of all the facts and circumstances surrounding its damages and assumed the risk of the matters causing the damages, and that said matters of which Plaintiff and/or its insured/subrogor assumed the risk which proximately contributed to and proximately caused its damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Indemnification)

Should Plaintiff recover from Defendant, Defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's and/or its insured/subrogor's damages, if there were any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Intent)

Even if Defendant's actions or omissions harmed Plaintiff, Plaintiff did not engage in any intentional actions or omissions that harmed Plaintiff.

DEFENDANT UPONOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CALIFORNIA AUTOMOBILE INSURANCE COMPANY'S COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

(Compliance With Applicable Law)

At all times, Defendant acted in compliance with applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Arbitration)

Plaintiff cannot maintain/proceed with this litigation because the matter is subject to arbitration and further Defendant states that its express warranty also requires arbitration of any claims Plaintiff may assert in regard to Defendant's AquaPEX pipes.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Express Warranty)

The claims and damages asserted by Plaintiff against Defendant are barred in whole or in part by the applicable express Uponor warranty which, among other things, disclaims implied warranties and liability for certain damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

Defendant hereby gives notice that it intends to rely upon any and all other additional affirmative defenses that become available or apparent during the course of investigation, discovery, trial, or otherwise, and therefore reserves the right to amend this Answer, as needed, to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff be denied all relief and take nothing by virtue of its Complaint, and that the Complaint, and each purported cause of action therein, be dismissed with prejudice as against Plaintiff;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

DEFENDANT UPONOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CALIFORNIA AUTOMOBILE INSURANCE COMPANY'S COMPLAINT

3.      That, to the extent it is determined that attorneys' fees are contractually or legally available to the prevailing party in this action, such fees, together with costs of suit incurred in this action, be awarded to Defendant; and

4.      For such other and further relief that the Court deems just and proper.

Dated:  November 22, 2024

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ *Jeffrey M. Goldman*
          Jeffrey M. Goldman
          *Attorneys for Defendant Uponor, Inc.*

304339705

DEFENDANT UPONOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CALIFORNIA AUTOMOBILE INSURANCE COMPANY'S COMPLAINT